**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

COLUMBUS MCKINNON CORPORATION,

                 Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY
*and* LIBERTY MUTUAL INSURANCE
COMPANY,

                 Defendants.

Civil Action No.

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

Plaintiff Columbus McKinnon Corporation ("Plaintiff" or "CMCO"), by and through its
attorneys, Pellis Law Group, LLP, for its complaint against Defendants The Travelers Indemnity
Company ("Travelers") and Liberty Mutual Insurance Company ("Liberty") (collectively the
"Defendants"), alleges as follows:

## I.   SUMMARY OF THE ACTION

1.  In this action, Plaintiff seeks, *inter alia,* a declaration of its rights under multiple
insurance policies issued to it by the Defendants.

2.  This insurance coverage action arises out of the wrongful refusal of the
Defendants to defend and indemnify their insured, CMCO, with respect to thousands of lawsuits
commenced in various jurisdictions across America claiming personal injury, including in some
cases wrongful death, arising out of alleged exposure to asbestos contained within the products
of CMCO and its predecessor companies (hereinafter the "Underlying Lawsuits").

3.  For over one year prior to filing this action, and in an effort to provide the
Defendants with information on the defense of the Underlying Lawsuits and the associated costs

related thereto, CMCO expended considerable time and effort to meet, confer, and communicate with the Defendants as well as to produce reports, spreadsheets, and documents relating to all of the Underlying Lawsuits.

4.      While the Defendants have paid a small portion of the defense costs in a limited number of the Underlying Lawsuits, CMCO demanded that the Defendants reimburse it for all past defense and indemnity payments that are rightfully due and owing under the Defendants' policies of insurance as they relate to all the Underlying Lawsuits.

5.      As a result of the Defendants' wrongful refusal to provide coverage, CMCO has spent over 13 million dollars defending itself against the Underlying Lawsuits and settling some of the Underlying Lawsuits.

6.      CMCO provided the Defendants with access to an online repository that contains the backup documentation to substantiate and verify CMCO's defense and indemnity expenditures as they relate to the Underlying Lawsuits.

7.      CMCO now seeks to recover amounts it paid for past defense and indemnity expenditures, secure the Defendants' defense and indemnity obligations under the policies of insurance they issued to CMCO for the ongoing and future Underlying Lawsuits, as well as obtain additional damages resulting from the Defendants' unreasonable refusal to provide a complete defense to CMCO for the Underlying Lawsuits.

## II.    **THE PARTIES**

8.      CMCO is a corporation organized and existing under the laws of New York, with its corporate headquarters and principal place of business at 140 John James Audubon Parkway, Amherst, New York 14228-1197.

2

9.      Upon information and belief, Travelers is an insurance company, organized and existing under the laws of Connecticut with its principal place of business at One Tower Square, Hartford, Connecticut 06183.

10.     Upon information and belief, Liberty is a member of Liberty Mutual Holding Company, Inc., a Massachusetts mutual holding company with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116.

III.    **JURISDICTION, VENUE, AND GOVERNING LAW**

11.     This is a civil action for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202 with an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00). This Court has subject matter jurisdiction of this action by virtue of diversity of citizenship between the parties pursuant to section 28 U.S.C. § 1332, et seq.

12.     This Court has personal jurisdiction over the Defendants with respect to all Causes of Action of this Complaint, pursuant to Federal Rule of Civil Procedure 4(e) and under the New York Civil Practice Law and Rules §§ 301 and 302, because Defendants either directly, or through their divisions or agents, were or are doing business in New York, committed tortuous acts in New York, or transacted the business of insurance in New York with respect to the subject matter of this action.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(3).

14.     In addition, the Declaratory Judgments Act, 28 U.S.C. § 2201, authorizes this Court to grant declaratory relief in this matter.

15.     The insurance contracts issued by the Defendants to CMCO were executed and delivered in New York State and the premiums were paid from New York State. Therefore, New York law governs the interpretation of such insurance contracts.

IV.    **FACTS**

    a.   **CMCO's Products**

16.     CMCO is a leading worldwide designer, manufacturer, and marketer of material handling systems and services, which efficiently and ergonomically move, lift, position, or secure material.

17.     CMCO's products include hoists, actuators, cranes, and lifting and rigging tools focused on commercial and industrial applications.

18.     For the last 140 years, CMCO's business has grown organically, and via a series of mergers and acquisitions, and today CMCO is a global company with 22 brands and 12 different product lines.

    b.   **The Underlying Lawsuits**

19.     Beginning in or about 1990, CMCO began receiving Underlying Lawsuits commenced in various jurisdictions across America claiming personal injury, including in some cases wrongful death, arising out of alleged exposure to asbestos contained within the products of CMCO and its predecessor companies.

20.     CMCO is currently defending itself in more than eleven (11) different jurisdictions, including Alabama, Delaware, Illinois, Michigan, New York, Ohio, Pennsylvania, Rhode Island, Texas, Utah, and West Virginia.

21.     As of June 1, 2015, CMCO has been named as a defendant in more than 2,600 Underlying Lawsuits. Due to the volume of the complaints, all complaints are not attached hereto. A small sample of complaints are attached hereto as Exhibits A and B.

22.     The Underlying Lawsuits provide very little uniformity in the way CMCO and its predecessor companies were named as defendants.

23.     The Underlying Lawsuits name CMCO as a defendant in more than five (5) different ways, including:  (1) claims asserted directly against CMCO with dates of alleged exposure to asbestos within the Defendants' policy periods; (2) claims asserted directly against CMCO with no alleged exposure dates; (3) claims asserted against CMCO individually, and as the alleged successor-in-interest to a CMCO predecessor company; (4) claims asserted against CMCO only as the alleged successor-in-interest to a CMCO predecessor company; and (5) claims asserted against CMCO as a "d/b/a," or a "f/k/a," or an "a/k/a" some other company.

24.     CMCO has provided written notice of all Underlying Lawsuits to the Defendants and has complied with all the terms and conditions of the insurance policies.

### c.  **The Insurance Policies**

25.     Defendant Travelers provided primary general liability insurance to CMCO for at least twenty-six (26) consecutive annual periods from April 1, 1958 through April 1, 1985, under twenty-six (26) distinctly separate insurance policies (the "Travelers Primary Policies").

26.     Defendant Travelers confirmed that the Travelers Primary Policies provide coverage to CMCO for the period of April 1, 1958 through April 1, 1985.  Travelers confirmed the coverage provided by the Travelers Primary Policies via letters dated November 15, 1991, and December 24, 1991, which include a schedule of the Travelers Primary Policies and a list of policy numbers, policy periods, and limits of liability.  True and correct copies of the two letters are attached hereto as Exhibit C.

27.     CMCO has located copies of the Travelers Primary Policies issued from January 1, 1974 through April 1, 1985.  True and correct copies of these policies are attached hereto as Exhibits D – M.

28.     CMCO has not yet been able to locate copies of the Travelers Primary Policies issued from April 1, 1958 through January 1, 1974.

29.     In the event that CMCO is not able to locate a particular Travelers Primary Policy, Travelers agreed that "the coverage which Travelers will provide is that afforded in the standard form SL and NSL policies in use during the time period of the alleged policies." *See* Travelers Letter dated November 15, 1991.  Exhibit C at p. 2.

30.     The total aggregate limits for the "confirmed" Travelers Primary Policies is over $20 million.

31.     Upon information and belief, and as is documented with certain secondary evidence, Defendant Travelers also provided primary general liability insurance to CMCO from 1950 through April 1, 1958, via policy numbers SLG 2141219, SLG 3062906, and SLG 334382.

32.     To the extent that any of the applicable limits of the Travelers Primary Policies are exhausted, Defendant Travelers also provided excess and/or umbrella liability policies to CMCO for at least eighteen (18) consecutive annual periods from 1966 through 1984 (the "Travelers Excess Policies") which would apply to provide coverage for the Underlying Lawsuits.

33.     The total aggregate limits for the Travelers Excess Policies is over $155 million.

34.     Defendant Liberty provided primary general liability insurance to CMCO for four (4) consecutive annual periods from April 1, 1985 and ending April 1, 1989, under five (5) distinctly separate insurance policies under the following policy numbers:  LG1-181-036447-035 effective April 1, 1985 – April 1, 1986; LG1-181-036447-036 effective April 1, 1986 - April 1, 1987; LG1-181-036447-096 effective December 24, 1986 – April 1, 1987; LG1-181-036447-097 effective April 1, 1987 – April 1, 1988; LG1-181-036447-098 effective  April 1, 1988 – April 1,

1989 (the "Liberty Primary Policies").  During the extensive exchange of information conducted between the parties in 2014, Liberty provided copies of the Liberty Primary Policies to CMCO's counsel via letter dated July 21, 2014.  True and correct copies of the Liberty Primary Policies are attached hereto as Exhibits N – R.

35.     The total aggregate limits of liability for the Liberty Primary Policies is $5 million.

36.     Each of the Travelers Primary Policies and the Liberty Primary Policies include an Insuring Agreement provision such as, or substantially similar to, the following:

> I.     Coverage A – Bodily Injury Liability
>
> Coverage B – Property Damage Liability
>
> The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of
>
> Coverage A. *bodily injury* or
>
> Coverage B.  *property damage*
>
> to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage,* even if any of the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient…

See e.g. Ex. F2 at p. 2 and Ex. Q at p. 38.

37.     According to the Supplemental Payments section of their respective policies, both Travelers' and Liberty's "duty to defend" obligation to CMCO is in addition to the applicable limits of liability stated in the Defendants' respective policies.

See e.g. Ex. G1 at p. 4 and Ex. Q at p. 39.

### d. **Information Provided to Defendants**

38.     In an effort to provide the Defendants with information on the defense of the Underlying Lawsuits and the associated costs related thereto, CMCO has produced to the Defendants spreadsheets, reports, and legal bills related to the Underlying Lawsuits.

39.     On or about December 22, 2014, CMCO provided the Defendants with spreadsheets containing detailed information about all of the active and closed Underlying Lawsuits as of May 14, 2014.

40.     The spreadsheets contained information from which the Defendants could determine that their duty to defend had been triggered, such as identification of the way in which CMCO was actually named as a defendant in each of the Underlying Lawsuits and, when available, dates of alleged exposure to asbestos.

41.     On or about December 22, 2014, CMCO also provided the Defendants with over 2,000 legal bills incurred by CMCO in the defense of the Underlying Lawsuits.

42.     On or about December 22, 2014, Defendant Liberty requested that CMCO provide it with updated information regarding the active and closed Underlying Lawsuits.

43.     In response to Liberty's request, on or about January 12, 2015, CMCO provided to the Defendants updated spreadsheets that contained detailed information about all of the active and closed Underlying Lawsuits as of January 1, 2015.

44.     The updated spreadsheets again contained information from which the Defendants could determine that their duty to defend had been triggered.

45.     On or about January 27, 2015, CMCO provided to the Defendants a second production of legal bills incurred by CMCO in defense of the Underlying Lawsuits.

46.     On or about February 2, 2015, CMCO provided to the Defendants a third production of legal bills incurred by CMCO in defense of the Underlying Lawsuits.

47.     On or about February 10, 2015, CMCO provided to the Defendants a fourth production of legal bills incurred by CMCO in defense of the Underlying Lawsuits.

48.     On or about March 4, 2015, CMCO provided to the Defendants a fifth production of legal bills incurred by CMCO in defense of the Underlying Lawsuits.  In the same production, CMCO also provided historic transactional documents related to certain pertinent mergers and acquisitions in CMCO's corporate history.

49.     On or about March 24, 2015, CMCO provided to the Defendants a sixth production of legal bills incurred by CMCO in defense of the Underlying Lawsuits.

50.     On or about April 14, 2015, CMCO provided to the Defendants a seventh production of legal bills incurred by CMCO in defense of the Underlying Lawsuits.

51.     On or about May 29, 2015, CMCO provided to the Defendants an eighth production of legal bills incurred by CMCO in defense of the Underlying Lawsuits.

52.     On or about June 16, 2015, CMCO provided to the Defendants a ninth production of legal bills incurred by CMCO in defense of the Underlying Lawsuits.

53.     To date, CMCO has provided the Defendants with legal bills substantiating defense costs incurred through April 2015.

54.     In addition to the vast amount of historic information related to the Underlying Lawsuits, CMCO also provides regular and timely notice of all new Underlying Lawsuits to the Defendants.  A true and correct copy of one such notice letter is attached hereto as Exhibit S.

55.     The Defendants have provided only sporadic responses to CMCO's notices of new Underlying Lawsuits.

9

56.     For example, Travelers has most recently acknowledged receipt of one (1) of the Underlying Complaints via letter dated November 11, 2014, but has not yet provided a coverage determination to CMCO regarding the one (1) Underlying Lawsuit or the vast majority of the other Underlying Lawsuits.  A true and correct copy of Travelers' November 11, 2014 letter is attached hereto as Exhibit T.

57.     In prior communications, such as via letter dated February 20, 2014, Travelers has denied coverage for certain of the Underlying Lawsuits. A true and correct copy of Travelers' February 20, 2014 letter is attached hereto as Exhibit U.

58.     In other instances, such as via letter dated October 24, 2013, Travelers has agreed to participate in the defense of certain of the Underlying Lawsuits subject to an extensive reservation of rights.  A true and correct copy of Travelers' October 24, 2013 letter is attached hereto as Exhibit V.

59.     To date, Travelers has not provided a coverage determination to CMCO regarding the vast majority of the Underlying Lawsuits.

60.     Similarly, Liberty has generally acknowledged receipt of the complaints, but has not provided a substantive response since on or about February 28, 2014, in which it addressed Liberty's position regarding only four (4) of the Underlying Lawsuits.  A true and correct copy of Liberty's February 28, 2014 letter is attached hereto as Exhibit W.

61.     Liberty's February 28, 2014 response stated that Liberty will agree to participate in the defense of four (4) of the Underlying Lawsuits subject to an extensive reservation of rights.  Exhibit W at pp. 3 and 9-11.

62.     To date, Liberty has not provided a coverage determination to CMCO regarding the vast majority of the Underlying Lawsuits.

63.     CMCO demanded, via letter dated March 4, 2015, that the Defendants reimburse it for all past defense and indemnity payments that are rightfully due and owing under the Defendants' policies of insurance as they relate to all the Underlying Lawsuits.  A true and correct copy of the letter is attached hereto as Exhibit X.

64.     CMCO further demanded that both Travelers and Liberty make a coverage determination within 45 days from the date of its March 4, 2015 letter (by April 20, 2015).

65.     Counsel for Travelers responded to CMCO via letter dated June 24, 2015, and has requested additional information regarding the Underlying Lawsuits.  Travelers' response, however, neither addressed CMCO's demands for reimbursement of all past defense and indemnity payments, nor provided a coverage determination.  As such, an actual controversy continues to exist, and the parties are in need of the court's assistance for resolution of said controversy.

66.     To date, Liberty has not provided any response to CMCO's March 4, 2015 letter, nor has Liberty has requested any additional information needed to make a coverage determination.

## COUNT I: BREACH OF CONTRACT

67.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in the proceeding paragraphs number 1 through 66 as if fully set forth herein.

68.     CMCO has provided notice of all the Underlying Lawsuits to the Defendants and has demanded both defense and indemnity under the Travelers Primary Policies and the Liberty Primary Policies (collectively the "Insurance Policies").

69.     The Underlying Lawsuits present claims of alleged bodily injury arising from alleged exposure to asbestos contained in CMCO's products that occurred over a long period of

11

time, and over the course of the thirty (30) years that the Insurance Policies were in full force and effect.

70.     The Insurance Policies provide CMCO with insurance coverage for liability arising out of bodily injury claims as alleged in the Underlying Lawsuits.

71.     None of the Insurance Policies issued by the Defendants to CMCO contain an asbestos exclusion, or any other exclusion, that would preclude defense or indemnity coverage for the Underlying Lawsuits.

72.     CMCO has complied with all applicable terms and conditions in the Insurance Policies.

73.     The Defendants have failed and refused to accept their legal obligation to provide CMCO with a complete defense and indemnity for all of the Underlying Lawsuits, which has, in turn, forced CMCO to pay over $13 million in defense costs and settlement damages.

74.     In addition, Defendants' ongoing failure to accept their legal obligation to provide CMCO with a complete defense and indemnity for all pending Underlying Lawsuits has also forced CMCO to pay, and continue to pay, ongoing legal fees and damages in the defense and/or settlement of such Underlying Lawsuits.[1]

75.     The Defendants breached their obligations set forth in the Insurance Policies by their failure and refusal to pay, in full, within their respective policy limits, CMCO's defense and indemnity costs in the Underlying Lawsuits and, as a result, CMCO was forced to pay a significant portion of the defense and indemnity costs.

76.     The Defendants continue to breach their obligations set forth in the Insurance Policies by their failure and refusal to provide a complete defense and indemnify CMCO in the

---

[1] At this time, CMCO is specifically not including in this action any matters arising from the Mack Truck Plant in Hagerstown, Maryland, which is the subject of a separate agreement among CMCO, Travelers, and Liberty.

ongoing defense and settlement of the Underlying Lawsuits and, as a result, CMCO continues to be forced to pay a significant portion of such amounts.

77.     As a direct and proximate result of their breach of contract, the Defendants have deprived CMCO of the benefit of the insurance coverage they purchased over a thirty (30) year period, for which CMCO paid the Defendants substantial premiums.

78.     Accordingly, the Court should award damages to CMCO and order both Travelers and Liberty to pay all amounts that CMCO has incurred as past defense and indemnity damages arising from the Underlying Lawsuits, plus interest, as well as order both Defendants to pay for all ongoing defense and indemnity arising from the ongoing Underlying Lawsuits.

## COUNT II: DECLARATORY JUDGMENT

79.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in the proceeding paragraphs number 1 through 78 as if fully set forth herein.

80.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, to obtain a judicial determination of the rights and duties under the Insurance Policies with respect to CMCO's claims under the Insurance Policies.

81.     Under the terms of the Insurance Policies, the Defendants agreed to defend and indemnify CMCO for the Underlying Lawsuits for which CMCO has sustained substantial losses.

82.     Defendants have failed to provide a complete defense or indemnify CMCO for the Underlying Lawsuits.  As such, an actual controversy exists between the parties as to the entitlement of CMCO to a complete defense and indemnification under the Insurance Policies.

83.     CMCO seeks a judicial determination that each Defendant is obligated to provide a full defense to CMCO for the Underlying Lawsuits.

84.     CMCO seeks a judicial determination that each Defendant is obligated to indemnify CMCO for the full value of all losses as appropriately calculated under the terms of the Insurance Policies.

85.     A judicial determination is necessary and appropriate at this time in order to determine CMCO's rights under the Insurance Policies, and the Defendants' duties and responsibilities under the Insurance Policies.

## COUNT III: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

86.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in the proceeding paragraphs number 1 through 85 as if fully set forth herein.

87.     By selling the Insurance Policies to CMCO and collecting premiums, the Defendants assumed a duty of good faith and fair dealing towards CMCO.

88.     Each of the Insurance Policies contained an implied promise that the Defendants would deal fairly and in good faith with CMCO and would do nothing to injure, frustrate, or interfere with CMCO's right to receive the benefits of the Insurance Policies.

89.     The Defendants, individually, and collectively breached the duty of good faith and fair dealing they owed to CMCO in a number of respects, including, among others:

(a) Defendants failed and refused to accept their legal obligation to provide CMCO with a complete defense and indemnity for the Underlying Lawsuits though Defendants knew or reasonably should have known that CMCO was entitled to such insurance coverage;

(b) Defendants failed to provide a coverage position to CMCO regarding all of the Underlying Lawsuits within a reasonable time after receiving timely notice;

(c) For the last year prior to the commencement of this action, Defendants failed to participate in any meaningful way in negotiations with CMCO regarding the tender of the

Underlying Lawsuits for defense and indemnity, and thereby breached their duty to act in good faith towards their insured.

(d) Defendants' refusal to pay a reasonable rate for defense counsel.

90.    Defendants' wrongful acts and bad faith caused damage to CMCO, which has been forced to pay more than $13 million to defend and reach settlements in the Underlying Lawsuits.  These extraordinary expenditures by CMCO would not have been necessary had the Defendants fulfilled their obligations under the Insurance Policies.

91.    The Defendants' wrongful acts and bad faith continue to cause damage to CMCO. For example, in addition to the amounts CMCO has paid for the defense, investigation, settlement, consultants' fees and litigation support expenses in the Underlying Lawsuits, CMCO has also incurred significant attorneys' fees and expenses in connection with prosecuting this action to recover insurance proceeds from the Defendants.

92.    The attorneys' fees and expenses incurred by CMCO in prosecuting this action, which are the result of the Defendants' wrongful acts, were reasonably foreseeable, probable, and contemplated by the parties at the time contact was made.

93.    Further, the attorneys' fees and expenses incurred by CMCO were and continue to be proximately caused by the Defendants' wrongful acts, and the Court should award to Plaintiff consequential damages in an amount equal to CMCO's attorneys' fee and expenses incurred in prosecuting this action.

94.    The Defendants acted toward CMCO with conscious disregard of CMCO's rights, and with the intent to vex, injure, and annoy CMCO so as to constitute oppression, fraud, or malice, justifying punitive and exemplary damages in an amount sufficient to punish and make an example of both Travelers and Liberty.

95.     Accordingly, the Court should award to Plaintiff and order Defendants to pay all amounts, including attorneys' fees, that Plaintiff has incurred or will incur in this insurance coverage litigation and the Court should award Plaintiff punitive damages in an amount sufficient to punish and make an example of Defendants.

WHEREFORE, Plaintiff demands judgment as follows:

On the First Cause of Action:

(a) Awarding damages, together with pre-judgment and post-judgment interest;

(b) An Order requiring Travelers and Liberty to pay on behalf of Plaintiff all past and ongoing defense costs associated with the Underlying Lawsuits;

(c) An Order requiring Travelers and Liberty to pay on behalf of Plaintiff all past and future indemnity costs associated with the Underlying Lawsuits;

(d) For costs of suit; and

(e) For attorneys' fees; and for further relief as the Court may deem just and proper.

On the Second Cause of Action:

(a) An Order declaring that Travelers and Liberty are each obligated to provide a full defense for the Underlying Lawsuits;

(b) An Order declaring that Travelers and Liberty are each obligated to reimburse CMCO  all past defense costs associated with the Underlying Lawsuits;

(c) An Order declaring that Travelers and Liberty are each obligated to fully indemnify Plaintiff for all past and future indemnity costs associated with the Underlying Lawsuits;

(d) An Order declaring that Travelers and Liberty are obligated to pay for Plaintiff's costs of suit; and

16

(e)  An Order declaring that Travelers and Liberty are obligated to pay for Plaintiff's

attorneys' fees; and for further relief as the Court may deem just and proper.

On the Third Cause of Action:

(a)  Awarding Plaintiff consequential damages sufficient to compensate Plaintiff for

the attorneys' fees and expenses it has incurred in prosecuting this action;

(b)  Awarding Plaintiff punitive and exemplary damages sufficient to punish and

make an example of Defendants;

(c)  A determination that Defendants violated their fiduciary duties to Plaintiff; and

(d)  For attorneys' fees; and for further relief as the Court may deem just and proper.

On All Causes of Action, attorney's fees, costs and disbursements, and such other relief as the

Court deems just, fair, and equitable.

Respectfully submitted,

Dated:
June 29, 2015

New York, New York

Joseph L. Pellis II (JP0707)
Daniel R. Lavoie (DL4896)
Pellis Law Group, LLP
570 Seventh Avenue, 20th Floor
New York, New York 10019
+1 (646) 666-8353
jpellis@pellislaw.com
dlavoie@pellislaw.com