UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLUMBUS MCKINNON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendants.<br><br>THE TRAVELERS INDEMNITY COMPANY and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>SENTRY INSURANCE A MUTUAL COMPANY and CM INSURANCE COMPANY, INC.,<br><br>Third-Party Defendants. | Civil Action No.: 1:15-cv-05088-VM-DCF<br><br>Honorable Victor Marrero, U.S.D.J.<br>Honorable Debra C. Freeman, U.S.M.J.<br><br><br><br>TRAVELERS RESPONSE TO PLAINTIFF'S RULE 56.1 STATEMENT OF MATERIAL FACTS |

Pursuant to Fed. R. Civ. P. 56 and L. Civ. R. 56.1, defendant The Travelers Indemnity Company ("Travelers") hereby submits the following Response to the Rule 56.1 Statement of Material Facts filed by plaintiff Columbus McKinnon Corporation ("CMCO") in support of CMCO's motion for partial summary judgment regarding the duty to defend.

1. Travelers denies the allegations contained in paragraph 1 as characterized by CMCO, except it admits that Travelers issued a primary comprehensive general liability policy to CMCO with the policy number TR-NSL-110T665-3-74, which was effective January 1, 1974 to January 1, 1976, when it was cancelled. (See Declaration of Nicholas Schretzman ("Schretzman Dec."), Exs. 1-2 [ECF 116-1 and 116-2]; Cancellation Change Slip for Travelers

policy TR-NSL-110T665-3-74, Ex. 1 to the Declaration of John Maloney ("Maloney Dec.")). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

2. Travelers admits only that the language quoted in paragraph 2 is contained in the Travelers policy, policy number TR-NSL-110T665-3-74, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 1 [ECF 116-1], at TRAV000660). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

3. Travelers admits only that the language quoted in paragraph 3 is contained in the Travelers policy, policy number TR-NSL-110T665-3-74, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV000657). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

4. Travelers admits the allegations contained in paragraph 4. Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

5. Travelers admits only that the language quoted in paragraph 5 is contained in the referenced Travelers policy, policy number T-NSL-137T926-2-76, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 2 [ECF 116-3], at TRAV000793). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

6. Travelers admits only that the language quoted in paragraph 6 is contained in the referenced Travelers policy, policy number T-NSL-137T926-2-76, and refers to the policy

2817008.3

for its precise terms, conditions and exclusions. (Id. at TRAV000790). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

      7.     Travelers admits the allegations contained in paragraph 7. Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

      8.     Travelers admits only that the language quoted in paragraph 8 is contained in the referenced Travelers policy, policy number T-NSL-137T926-2-77, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 3 [ECF 116-4], at TRAV269174). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

      9.     Travelers admits only that the language quoted in paragraph 9 is contained in the referenced Travelers policy, policy number T-NSL-137T926-2-77, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV269171). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

      10.    Travelers admits the allegations contained in paragraph 10. Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

      11.    Travelers admits only that the language quoted in paragraph 11 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-78, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 4 [ECF

2817008.3

116-7], at TRAV000954). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

   12. Travelers denies the allegations contained in paragraph 12 as stated, but admits that the language quoted in paragraph 12 is contained in the Travelers policy, policy number TR-NSL-137T926-2-78, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV000951). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

   13. Travelers denies the allegations in paragraph 13 as characterized by CMCO, except it admits that the language quoted in paragraph 13 is contained in the Travelers policy, policy number TR-NSL-137T926-2-78, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 4 [ECF116-8], at TRAV001097). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

   14. Travelers admits the allegations contained in paragraph 14. Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

   15. Travelers admits only that the language quoted in paragraph 15 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-79, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 5 [ECF 116-9], at TRAV001123). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

   16. Travelers admits only that the language quoted in paragraph 16 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-79, and refers

to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001123). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

   17. Travelers denies the allegations in paragraph 17 as characterized by CMCO, except it admits that the language quoted in paragraph 17 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-79, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 5 [ECF 116-10], at TRAV001158). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

   18. Travelers admits the allegations contained in paragraph 18. Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

   19. Travelers admits only that the language quoted in paragraph 19 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-80, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 6 [ECF 116-11], at TRAV001194). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

   20. Travelers admits only that the language quoted in paragraph 20 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-80, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001191). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

21. Travelers denies the allegations in paragraph 21 as characterized by CMCO, except it admits that the language quoted in paragraph 21 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-80, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 6 [ECF 116-12], at TRAV001243). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

22. Travelers admits the allegations contained in paragraph 22.

23. Travelers admits only that the language quoted in paragraph 23 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-81, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 7 [ECF 116-13], at TRAV001255).

24. Travelers admits only that the language quoted in paragraph 24 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-81, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001252).

25. Travelers denies the allegations in paragraph 25 as characterized by CMCO, except it admits that the language quoted in paragraph 25 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-81, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 7 [ECF 116-14], at TRAV001305).

26. Travelers admits the allegations contained in paragraph 26.

27. Travelers admits only that the language quoted in paragraph 27 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-82, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 8 [ECF 116-15], at TRAV001317).

28.     Travelers admits only that the language quoted in paragraph 27 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-82, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001314).

29.     Travelers denies the allegations in paragraph 29 as characterized by CMCO, except it admits that the language quoted in paragraph 29 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-82, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 8 [ECF 116-16], at TRAV001372).

30.     Travelers admits the allegations contained in paragraph 30.

31.     Travelers admits only that the language quoted in paragraph 31 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-83, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 9 [ECF 116-17], at TRAV001388).

32.     Travelers admits only that the language quoted in paragraph 32 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-83, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001385).

33.     Travelers denies the allegations in paragraph 33 as characterized by CMCO, except it admits that the language quoted in paragraph 33 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-83, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 9 [ECF 116-18], at TRAV001454).

34.     Travelers admits the allegations contained in paragraph 34.

35.     Travelers admits only that the language quoted in paragraph 35 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-84, and refers

to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 10 [ECF 116-19], at TRAV001485).

36. Travelers admits only that the language quoted in paragraph 36 is contained in the referenced Travelers policy, policy number TR-NSL-137T926-2-84, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001482).

37. Travelers admits the allegations contained in paragraph 37.

38. Travelers admits the allegations contained in the first and second sentences of paragraph 38 and refers to the November 15, 1991 and December 24, 1991 letters for their precise language, terms and conditions. (Schretzman Dec., Ex. 35 [ECF 116-45], at TRAV251183-1190). Travelers denies the allegations contained in the third sentence of paragraph 38 as characterized by CMCO, except it admits that Travelers enclosed with the December 24, 1991 letter a copy of a standard NSL policy form in use during the time period at issue and that the language quoted in the third sentence of paragraph 38 is contained in that form. Travelers refers to the referenced policy form for its precise terms, conditions and exclusions. (Id. at TRAV251183-1196).

39. Travelers denies the allegations contained in paragraph 39 as characterized by CMCO, except it admits that the primary limits of the referenced policies are exhausted. Travelers further refers to the December 30, 2016 letter cited for its precise language, terms and conditions. (Schretzman Dec., Ex. 31 [ECF 116-41]).

40. Travelers admits the allegations contained in paragraph 40.

41. Travelers admits only that the language quoted in paragraph 41 is contained in the referenced Travelers umbrella policy, policy number CUP 3847761, and refers

2817008.3

to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 11 [ECF 116-21], at TRAV001557).

42. Travelers admits only that the language quoted in paragraph 42 is contained in the referenced Travelers umbrella policy, policy number CUP 3847761, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001558).

43. Travelers admits the allegations contained in paragraph 43 and refers to referenced the Travelers umbrella policy, policy number CUP 3847761 for its precise terms, conditions and exclusions. (Id. at TRAV001556).

44. Travelers admits the allegations contained in paragraph 44. Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

45. Travelers admits only that the language quoted in paragraph 45 is contained in the referenced Travelers umbrella policy, policy number CUP 3847770, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 12 [ECF 116-22], at TRAV001565). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

46. Travelers admits only that the language quoted in paragraph 46 is contained in the referenced Travelers umbrella policy, policy number CUP 3847770, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001566). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

47. Travelers admits the allegations contained in paragraph 47 and refers to the referenced Travelers umbrella policy, policy number CUP 3847770, for its precise terms, conditions and exclusions. (Id. at TRAV001564).

48. Travelers admits the allegations contained in paragraph 48.

49. Travelers admits only that the language quoted in paragraph 49 is contained in the referenced Travelers umbrella policy, policy number CUP 966522, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 13 [ECF 116-23], at TRAV001576).

50. Travelers admits only that the language quoted in paragraph 50 is contained in the referenced Travelers umbrella policy, policy number CUP 966522, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001577).

51. Travelers admits the allegations contained in paragraph 51 and refers to the referenced Travelers umbrella policy, policy number CUP 966522 for its precise terms, conditions and exclusions. (Id. at TRAV001586).

52. Travelers admits the allegations contained in paragraph 52.

53. Travelers admits only that the language quoted in paragraph 53 is contained in the referenced Travelers umbrella policy, policy number CUP 111T2739, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 14 [ECF 116-24], at TRAV001589).

54. Travelers admits only that the language quoted in paragraph 53 is contained in the referenced Travelers umbrella policy, policy number CUP 111T2739, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001590).

2817008.3

55. Travelers admits the allegations contained in paragraph 55 and refers to the referenced Travelers umbrella policy, policy number CUP 111T2739 for its precise terms, conditions and exclusions. (Id. at TRAV001597).

56. Travelers admits the allegations contained in paragraph 56.

57. Travelers admits only that the language quoted in paragraph 56 is contained in the referenced Travelers umbrella policy, policy number T-CUP-137T927-4-76, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 15 [ECF 116-25], at TRAV001608).

58. Travelers admits only that the language quoted in paragraph 58 is contained in the referenced Travelers umbrella policy, policy number T-CUP-137T927-4-76, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001608).

59. Travelers admits the allegations contained in paragraph 59 and refers to the referenced Travelers umbrella policy, policy number T-CUP-137T927-4-76, for its precise terms, conditions and exclusions. (Id. at TRAV001619).

60. Travelers admits the allegations contained in paragraph 60. Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

61. Travelers admits only that the language quoted in paragraph 61 is contained in the referenced Travelers excess policy, policy number EX-4030766, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 16 [ECF 116-26], at TRAV001630). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

62. Travelers admits the allegations contained in paragraph 62 and refers to the referenced Travelers excess policy, policy number EX-4030766, for its precise terms, conditions and exclusions. (Id. at TRAV001628). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

63. Travelers denies the allegations contained in paragraph 63 as stated, but it admits that Travelers issued an excess liability policy to CMCO with the policy number EX-2940408, effective January 1, 1971 to January 1, 1974. (Schretzman Dec., Ex. 17 [ECF 116-27]). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

64. Travelers admits only that the language quoted in paragraph 64 is contained in the Travelers excess policy, policy number EX-2940408, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001640). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

65. Travelers denies the allegations contained in paragraph 65 and refers to the Travelers excess policy, policy number EX-2940408, for its precise terms, conditions and exclusions. (Id. at TRAV001638). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

66. Travelers admits the allegations contained in paragraph 66. Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

67. Travelers admits only that the language quoted in paragraph 67 is contained in the referenced Travelers excess policy, policy number T-EX-144T457-4-77, and

refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 18 [ECF 116-28], at TRAV001658). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

68. Travelers admits the allegations contained in paragraph 68 and refers to the referenced Travelers excess policy, policy number T-EX-144T457-4-77, for its precise terms, conditions and exclusions. (Id. at TRAV001655). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

69. Travelers admits the allegations contained in paragraph 69.

70. Travelers admits only that the language quoted in paragraph 70 is contained in the referenced Travelers excess policy, policy number T-EX-144T457-4-78, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 19 [ECF 116-29], at TRAV001673).

71. Travelers admits the allegations contained in paragraph 71 and refers to the referenced Travelers excess policy, policy number T-EX-144T457-4-78, for its precise terms, conditions and exclusions. (Id. at TRAV001670).

72. Travelers admits the allegations contained in paragraph 72.

73. Travelers admits only that the language quoted in paragraph 73 is contained in the referenced Travelers excess policy, policy number T-EX-144T457-4-79, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 20 [ECF 116-30], at TRAV001686).

74. Travelers admits the allegations contained in paragraph 74 and refers to the referenced Travelers excess policy, policy number T-EX-144T457-4-79, for its precise terms, conditions and exclusions. (Id. at TRAV001683).

75. Travelers denies the allegations contained in paragraph 74 as stated, but admits that it issued an excess liability policy, policy number T-EX-144T457-4-80, to CMCO, effective April 1, 1980 to April 1, 1981. (Schretzman Dec., Ex. 21 [ECF 116-31]).

76. Travelers denies the allegations contained in paragraph 76 as stated, but admits only that the language quoted in paragraph 76 is contained in the Travelers excess policy, policy number T-EX-144T457-4-80, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001704).

77. Travelers denies the allegations contained in paragraph 77 as stated, but admits that the Travelers excess policy, policy number T-EX-144T457-4-80, identifies primary policy number T-NSL-137T926-2-80 as an underlying policy and further refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001702).

78. Travelers denies the allegations contained in paragraph 78 as stated, but admits that it issued an excess liability policy, policy number T-EX-144T457-4-81, to CMCO, effective April 1, 1981 to April 1, 1982. (Schretzman Dec., Ex. 22 [ECF 116-32]).

79. Travelers denies the allegations contained in paragraph 79 as stated, but admits only that the language quoted in paragraph 79 is contained in the Travelers excess policy, policy number T-EX-144T457-4-81, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001716).

80. Travelers denies the allegations contained in paragraph 80 as stated, but admits that the Travelers excess policy, policy number T-EX-144T457-4-81, identifies primary policy number T-NSL-137T926-2-81 as an underlying policy and further refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001714).

81. Travelers denies the allegations contained in paragraph 81 as stated, but admits that it issued an excess liability policy, policy number T-EX-144T457-4-82, to CMCO, effective April 1, 1982 to April 1, 1983. (Schretzman Dec., Ex. 23 [ECF 116-33]).

82. Travelers denies the allegations contained in paragraph 82 as stated, but admits only that the language quoted in paragraph 82 is contained in the Travelers excess policy, policy number T-EX-144T457-4-82, and refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001730).

83. Travelers denies the allegations contained in paragraph 83 as stated, but admits that the Travelers excess policy, policy number T-EX-144T457-4-82, identifies primary policy number T-NSL-137T926-2-82 as an underlying policy and further refers to the policy for its precise terms, conditions and exclusions. (Id. at TRAV001728).

84. Travelers admits the allegations contained in paragraph 84. Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

85. Travelers denies the allegations contained in paragraph 85 as stated, but admits only that the language quoted in paragraph 85 is contained in the Travelers excess policy, policy number T-EX-144T457-4-83, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 24 [ECF 116-34], at TRAV001742). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

86. Travelers denies the allegations contained in paragraph 86 as stated, but admits that the Travelers excess policy, policy number T-EX-144T457-4-83, identifies primary policy number T-NSL-137T926-2-83 as an underlying policy and further refers to the policy for

2817008.3

its precise terms, conditions and exclusions. (Id. at TRAV001740). Travelers reserves the right to amend this response in the event that additional information concerning the referenced policy is located.

87.  Travelers denies the allegations contained in paragraph 87 as characterized by CMCO, except it admits that in response to paragraph 32 of the Complaint, Travelers denied the allegations as characterized by CMCO and referred CMCO to the alleged Travelers Policies for their precise terms, conditions and exclusions. Travelers refers to its Answer and plaintiff's Complaint for their precise language. (Travelers Answer [ECF 20], at ¶32; Complaint [ECF 1], at ¶32).

88.  Travelers objects to the allegations contained in paragraph 88 as they are directed at a party other than Travelers. To the extent a response is required, Travelers admits the allegations contained in paragraph 88.

89.  Travelers objects to the allegations contained in paragraph 89 as they are directed at a party other than Travelers. To the extent a response is required, Travelers admits only that the language quoted in paragraph 89 is contained in the referenced Liberty Mutual policy, policy number LG1-181-036447-035, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 25 [ECF 116-35], at LMIC000056).

90.  Travelers objects to the allegations contained in paragraph 90 as they are directed at a party other than Travelers. To the extent a response is required, Travelers admits the allegations contained in paragraph 90.

91.  Travelers objects to the allegations contained in paragraph 91 as they are directed at a party other than Travelers. To the extent a response is required, Travelers admits only that the language quoted in paragraph 91 is contained in the referenced Liberty Mutual

policy, policy number LG1-181-036447-036, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 26 [ECF 116-36], at LMIC000094).

92. Travelers objects to the allegations contained in paragraph 92 as they are directed at a party other than Travelers. To the extent a response is required, Travelers admits the allegations contained in paragraph 92.

93. Travelers objects to the allegations contained in paragraph 93 as they are directed at a party other than Travelers. To the extent a response is required, Travelers admits only that the language quoted in paragraph 93 is contained in the referenced Liberty Mutual policy, policy number LG1-181-036447-096, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 27 [ECF 116-37], at 2).

94. Travelers objects to the allegations contained in paragraph 94 as they are directed at a party other than Travelers. To the extent a response is required, Travelers admits the allegations contained in paragraph 94.

95. Travelers objects to the allegations contained in paragraph 95 as they are directed at a party other than Travelers. To the extent a response is required, Travelers admits only that the language quoted in paragraph 95 is contained in the referenced Liberty Mutual policy, policy number LG1-181-036447-097, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 28 [ECF 116-38], at LMIC000177).

96. Travelers objects to the allegations contained in paragraph 96 as they are directed at a party other than Travelers. To the extent a response is required, Travelers admits the allegations contained in paragraph 96.

97. Travelers objects to the allegations contained in paragraph 97 as they are directed at a party other than Travelers. To the extent a response is required, Travelers admits

2817008.3

only that the language quoted in paragraph 97 is contained in the referenced Liberty Mutual policy, policy number TB1-181-036447-098, and refers to the policy for its precise terms, conditions and exclusions. (Schretzman Dec., Ex. 29 [ECF 116-39], at LMIC000187).

98.  Travelers objects to the allegations contained in paragraph 98 as they are directed at a party other than Travelers. To the extent a response is required, Travelers denies the allegations contained in paragraph 98 as characterized by CMCO, except it admits that the language quoted in paragraph 98 is contained in the Liberty Mutual policy, policy number TB1-181-036447-098, and refers to the policy for its precise terms, conditions and exclusions. (Id. at LMIC000222).

99.  Travelers objects to the allegations contained in paragraph 99 as they are directed at a party other than Travelers. To the extent a response is required, Travelers objects to the allegations contained in paragraph 99 as they are directed at a party other than Travelers. To the extent a response is required, Travelers denies the allegations in paragraph 99 as characterized by CMCO and refers to Liberty Mutual's Answer and CMCO's Complaint for their precise language. (Liberty Mutual Answer [ECF 18], at ¶34; Complaint [ECF 1], at ¶34).[1]

100.  Travelers admits the allegations contained in paragraph 100.

101.  Travelers admits only that the language quoted in paragraph 101 is contained in the referenced pleading and refers to the pleading for its precise language. (Schretzman Dec., Ex. 30 [ECF 116-40]).

102.  Travelers denies the allegations contained in the first sentence in paragraph 102 as characterized by CMCO, except it admits that the referenced December 30, 2016 letter from Mikhael J. Kennedy on behalf of Travelers references the Stone lawsuit.

---

[1] The document cited by CMCO in support of paragraph 99 is Liberty Mutual's Answer to Travelers Cross-Claim [ECF 28], which does not support the allegations contained in paragraph 99.

2817008.3

(Schretzman Dec., Ex. 31 [ECF116-41], at 52). Travelers denies the allegations contained in the second, third and fourth sentences of paragraph 102 as characterized by CMCO, except it admits that the language quoted in the second, third and fourth sentences of paragraph 102 is contained in the referenced letter and refers to the letter for its precise language. (Id. at 1-3). To the extent the allegations in paragraph 102 are intended to suggest that the December 30, 2016 letter was the first (or only) instance by which Travelers responded to CMCO regarding the Stone complaint, Travelers denies the allegations. (See Nov. 8, 2011 letter from A. Lind to T. Harvey, Ex. 48 to the Maloney Dec., at TRAV268182; June 29, 2012 letter from A. Lind to M. O'Connor at, Ex. 50 to the Maloney Dec., at TRAV268204-07.)

      103.    Travelers admits the allegations contained in the first sentence of paragraph 103. Travelers denies the allegations contained in the second sentence of paragraph 103 as characterized by CMCO, except it admits that CMCO disputed Travelers right to participate in the defense of lawsuits subject to a reservation of rights. (Schretzman Dec., Ex. 32 [ECF 116-42]). Travelers further admits that the language quoted in the third sentence of paragraph 103 is contained in the referenced document and refers to that document for its precise language. (Id.)

      104.    Travelers denies the allegations contained in the first sentence of paragraph 104 as characterized by CMCO, except it admits that Craig P. Johnson and Jamie Owen sent the referenced letter on behalf of Travelers and Liberty Mutual, respectively. (Schretzman Dec., Ex. 32 [ECF 116-43]. Travelers denies the allegations contained in the second sentence of paragraph 104 as characterized by CMCO, except it admits the language quoted is contained in the referenced June 12, 2017 letter and refers to that letter for its precise language. (Id.).

2817008.3

105. Travelers admits the allegations contained in the first sentence of paragraph 105. Travelers denies the allegations contained in the second sentence of paragraph 105 as characterized by CMCO as there is no specific "request[]" in the referenced June 26, 2017 letter for Travelers and Liberty Mutual to "acknowledge CMCO's right to retain independent counsel premised on the Insurers' reservation of rights," and refers to the June 26, 2017 letter for its specific language. (Schretzman Dec., Ex. 34 [ECF 116-44]).

Dated: September 22, 2017

Stephen V. Ginnigliano
John Maloney
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

Attorneys for Defendant
The Travelers Indemnity Company

2817008.3