UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLUMBUS MCKINNON CORPORATION, | Civil Action No.: 1:15-cv-05088-VM-DCF |
| Plaintiff, | Honorable Victor Marrero, U.S.D.J. |
| | Honorable Debra C. Freeman, U.S.M.J. |
| v. | |
| THE TRAVELERS INDEMNITY COMPANY and LIBERTY MUTUAL INSURANCE COMPANY, | |
| Defendants. | |
| THE TRAVELERS INDEMNITY COMPANY and LIBERTY MUTUAL INSURANCE COMPANY, | LIBERTY MUTUAL'S RESPONSES TO PLAINTIFF'S RULE 56.1 STATEMENT OF MATERIAL FACTS |
| Third-Party Plaintiffs, | |
| v. | |
| SENTRY INSURANCE A MUTUAL COMPANY and CM INSURANCE COMPANY, INC., | |
| Third-Party Defendants. | |

Defendant Liberty Mutual Insurance Company ("Liberty Mutual") respectfully submits the following in response to Plaintiff Columbus McKinnon Corporation's Rule 56.1 Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment regarding the Duty to Defend.

1. Travelers issued a primary level comprehensive general liability policy to CMCO with the policy number TR NSL 1107665 3 74, effective January 1, 1974 to January 1, 1977. Declaration of Nicholas Schretzman ("Schretzman Decl."), ¶ 4, Ex. 1.

**Response 1:** Liberty Mutual does not dispute the allegations in paragraph 1, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

2.      Travelers policy number TR NSL 1107665 3 74 contains the following Insuring Agreement provision:

I.      Coverage A – Bodily Injury Liability Coverage

B – Property Damage Liability

The company will pay on behalf of the insured all sums which the *insured* shall become legally obligated to pay as damages because of

Coverage A. *bodily injury* or

Coverage B. *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage,* even if any of the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient…

Schretzman Decl. at ¶ 4, Ex. 1 at TRAV000660 (emphasis in original).

**Response 2**: Liberty Mutual does not dispute the allegations in paragraph 2, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

3.      Travelers policy T NSL 137T926 2 74 defines the "products hazard" as follows: "'products hazard' includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty…" Schretzman Decl., ¶ 4, Ex. 1 at TRAV000657.

**Response 3**: Liberty Mutual does not dispute the allegations in paragraph 3, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

4.     Travelers issued a primary level comprehensive general liability policy to CMCO with the policy number T NSL 137T926 2 76, effective January 1, 1976 to January 1, 1977. Schretzman Decl., ¶ 5, Ex. 2.

**Response 4:** Liberty Mutual does not dispute the allegations in paragraph 4, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

5.     Travelers policy number T NSL 137T926 2 76 contains the following Insuring Agreement provision:

I.      Coverage A – Bodily Injury Liability

        Coverage B – Property Damage Liability

The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of

        Coverage A. *bodily injury* or

        Coverage B. *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage,* even if any of the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient…

Schretzman Decl., ¶ 5, Ex. 2 at TRAV000793 (emphasis in original).

**Response 5:** Liberty Mutual does not dispute the allegations in paragraph 5, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

6.     Travelers policy T NSL 137T926 2 76 defines the "products hazard" as: "'products hazard' includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty…" Schretzman Decl., ¶ 5, Ex. 2 at TRAV000790.

**Response 6:** Liberty Mutual does not dispute the allegations in paragraph 6, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

7.     Travelers issued a primary level comprehensive general liability policy to CMCO with the policy number T NSL 137T926 2 77, effective January 1, 1977 to January 1, 1978. Schretzman Decl., ¶ 6, Ex. 3

**Response 7:** Liberty Mutual does not dispute the allegations in paragraph 7, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

8.     Travelers policy number T NSL 137T926 2 77 contains the following Insuring Agreement provision:

I.     Coverage A – Bodily Injury Liability

       Coverage B – Property Damage Liability

The company will pay on behalf of the insured all sums which the *insured* shall become legally obligated to pay as damages because of

Coverage A. *bodily injury* or

Coverage B. *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage,* even if any of the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient…

Schretzman Decl., ¶ 6, Ex. 3 at TRAV269174 (emphasis in original).

**Response 8:** Liberty Mutual does not dispute the allegations in paragraph 8, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

9. Travelers policy T NSL 137T926 2 77 defines the "products hazard" as: "'products hazard' includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty…" Schretzman Decl., ¶ 6, Ex. 3 at TRAV269171.

**Response 9:** Liberty Mutual does not dispute the allegations in paragraph 9, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

10. Travelers issued a primary level comprehensive general liability policy to CMCO with the policy number TR NSL 137T926 2 78, effective April 1, 1978 to April 1, 1979. Schretzman Decl., ¶ 7, Ex. 4.

**Response 10:** Liberty Mutual does not dispute the allegations in paragraph 10, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

11.     Travelers policy number TR NSL 137T926 2 78 contains the following Insuring

Agreement provision:

I.      Coverage A – Bodily Injury Liability

        Coverage B – Property Damage Liability

The company will pay on behalf of the insured all sums which the *insured* shall
become legally obligated to pay as damages because of

        Coverage A. *bodily injury* or

        Coverage B. *property damage*

to which this *insurance* applies, caused by an *occurrence*, and the company shall
have the right and duty to defend any suit against the *insured* seeking damages on
account of such *bodily injury* or *property damage,* even if any of the allegations
of the suit are groundless, false, or fraudulent, and may make such investigation
and settlement of any claim or suit as it deems expedient…

Schretzman Decl., ¶ 7, Ex. 4 at TRAV000954 (emphasis in original).

**Response 11:** Liberty Mutual does not dispute the allegations in paragraph 11, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Partial

Summary Judgment as to Liberty Mutual.

12.     Travelers policy T NSL 137T926 2 78 defines the "products hazard" as:

"'products hazard' includes bodily injury and property damage arising out of the named

insured's products or reliance upon a representation or warranty…" Schretzman Decl., ¶ 7, Ex. 4

at TRAV000951.

**Response 12:** Liberty Mutual does not dispute the allegations in paragraph 12, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Partial

Summary Judgment as to Liberty Mutual.

13. Travelers policy number T NSL 137T926 2 78 also contains the following condition: "This endorsement modifies the application of the limits of liability of all coverage provided under this policy except that provided under the automobile physical damage insurance coverage part. It is agreed that the limits of liability of this policy are inclusive of and not in addition to the limits of liability afforded by any other liability policy issued to the named insured by the company." Schretzman Decl., ¶ 7, Ex. 4 at TRAV001097.

> **Response 13:** Liberty Mutual does not dispute the allegations in paragraph 13, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

14. Travelers issued a primary level comprehensive general liability policy to CMCO with the policy number TR NSL 137T926 2 79, effective April 1, 1979 to April 1, 1980. Schretzman Decl., ¶ 8, Ex. 5.

> **Response 14:** Liberty Mutual does not dispute the allegations in paragraph 14, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

15. Travelers policy number TR NSL 137T926 2 79 contains the following Insuring Agreement provision:

I.    Coverage A – Bodily Injury Liability

      Coverage B – Property Damage Liability

The company will pay on behalf of the insured all sums which the *insured* shall become legally obligated to pay as damages because of

      Coverage A. *bodily injury* or

      Coverage B. *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall
have the right and duty to defend any suit against the *insured* seeking damages on
account of such *bodily injury* or *property damage,* even if any of the allegations
of the suit are groundless, false, or fraudulent, and may make such investigation
and settlement of any claim or suit as it deems expedient…

Schretzman Decl., ¶ 8, Ex. 5 at TRAV001123 (emphasis in original).

**Response 15:** Liberty Mutual does not dispute the allegations in paragraph 15, but denies
that these facts are material to the issues to be decided on Plaintiff's Motion for Summary
Judgment as to Liberty Mutual.

16.     Travelers policy T NSL 137T926 2 79 defines the "products hazard" as:
"'products hazard' includes bodily injury and property damage arising out of the named
insured's products or reliance upon a representation or warranty…" Schretzman Decl., ¶ 8, Ex. 5
at TRAV001120.

**Response 16:** Liberty Mutual does not dispute the allegations in paragraph 16, but denies
that these facts are material to the issues to be decided on Plaintiff's Motion for Partial
Summary Judgment as to Liberty Mutual.

17.     Travelers policy number TR NSL 137T926 2 79 also contains the following
condition: "In the event of an injury, damage or loss covered by this policy and any other policy
containing this provision or a similar provision issued by the company to the named insured, the
maximum that will be paid under all such policies combined for such injury, damage or loss is
the highest applicable limit of liability of any one of such policies. This provision does not apply
with respect to any policy issued by the company which has a policy number containing the
letters CUP or EX."  Schretzman Decl. at ¶ 8, Ex. 5 at TRAV001158.

**Response 17:** Liberty Mutual does not dispute the allegations in paragraph 17, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

18.     Travelers issued a primary level comprehensive general liability policy to CMCO with the policy number TR NSL 137T926 2 80, effective April 1, 1980 to April 1, 1981. Schretzman Decl., ¶ 9, Ex. 6.

**Response 18:** Liberty Mutual does not dispute the allegations in paragraph 18, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

19.     Travelers policy number TR NSL 137T926 2 80 contains the following Insuring Agreement provision:

I.      Coverage A – Bodily Injury Liability

Coverage B – Property Damage Liability

The company will pay on behalf of the insured all sums which the *insured* shall become legally obligated to pay as damages because of

Coverage A. *bodily injury* or

Coverage B. *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage,* even if any of the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient…

Schretzman Decl., ¶ 9, Ex. 6 at TRAV001194 (emphasis in original).

**Response 19:** Liberty Mutual does not dispute the allegations in paragraph 19, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Summary Judgment as to Liberty Mutual.

20.     Travelers policy T NSL 137T926 2 80 defines the "products hazard" as: "'products hazard' includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty…" Schretzman Decl., ¶ 9, Ex. 6 at TRAV001191.

**Response 20:** Liberty Mutual does not dispute the allegations in paragraph 20, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

21.     Travelers policy number TR NSL 137T926 2 80 also contains the following condition: "In the event of an injury, damage or loss covered by this policy and any other policy containing this provision or a similar provision issued by the company to the named insured, the maximum that will be paid under all such policies combined for such injury, damage or loss is the highest applicable limit of liability of any one of such policies. This provision does not apply with respect to any policy issued by the company which has a policy number containing the letters CUP or EX."  Schretzman Decl. at ¶ 9, Ex. 6 at TRAV001243.

**Response 21:** Liberty Mutual does not dispute the allegations in paragraph 21, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

22.     Travelers issued a primary level comprehensive general liability policy to CMCO with the policy number TR NSL 137T926 2 81, effective April 1, 1981 to April 1, 1982. Schretzman Decl., ¶ 10, Ex. 7.

**Response 22:** Liberty Mutual does not dispute the allegations in paragraph 22, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Partial

Summary Judgment as to Liberty Mutual.

23.      Travelers policy number TR NSL 137T926 2 81 contains the following Insuring

Agreement provision:

I.       Coverage A – Bodily Injury Liability

         Coverage B – Property Damage Liability

The company will pay *on* behalf of the insured all sums which the *insured* shall
become legally obligated to pay as damages because of

         Coverage A. *bodily injury* or

         Coverage B. *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall
have the right and duty to defend any suit against the *insured* seeking damages on
account of such *bodily injury* or *property damage,* even if any of the allegations
of the suit are groundless, false, or fraudulent, and may make such investigation
and settlement of any claim or suit as it deems expedient…

Schretzman Decl., ¶ 10, Ex. 7 at TRAV001255 (emphasis in original).

**Response 23:** Liberty Mutual does not dispute the allegations in paragraph 23, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Summary

Judgment as to Liberty Mutual.

24.      Travelers policy T NSL 137T926 2 81 defines the "products hazard" as:

"'products hazard' includes bodily injury and property damage arising out of the named

insured's products or reliance upon a representation or warranty…" Schretzman Decl., ¶ 10, Ex.

7 at TRAV001252.

**Response 24:** Liberty Mutual does not dispute the allegations in paragraph 24, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

25.     Travelers policy number TR NSL 137T926 2 81 also contains the following condition: "In the event of an injury, damage or loss covered by this policy and any other policy containing this provision or a similar provision issued by the company to the named insured, the maximum that will be paid under all such policies combined for such injury, damage or loss is the highest applicable limit of liability of any one of such policies. This provision does not apply with respect to any policy issued by the company which has a policy number containing the letters CUP, EX, PRO or SPL, or any policies issued by the personal lines department." Schretzman Decl. at ¶ 10, Ex. 7 at TRAV001305.

**Response 25:** Liberty Mutual does not dispute the allegations in paragraph 25, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

26.     Travelers issued a primary level comprehensive general liability policy to CMCO with the policy number TR NSL 137T926 2 82, effective April 1, 1982 to April 1, 1983. Schretzman Decl., ¶ 11, Ex. 8.

**Response 26:** Liberty Mutual does not dispute the allegations in paragraph 26, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

27.     Travelers policy number TR NSL 137T926 2 82 contains the following Insuring Agreement provision:

I.       Coverage A – Bodily Injury Liability

         Coverage B – Property Damage Liability

The company will pay on behalf of the insured all sums which the *insured* shall become legally obligated to pay as damages because of

         Coverage A. *bodily injury* or

         Coverage B. *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage,* even if any of the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient…

Schretzman Decl., ¶ 11, Ex. 8 at TRAV001317 (emphasis in original).

**Response 27:** Liberty Mutual does not dispute the allegations in paragraph 27, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Summary

Judgment as to Liberty Mutual.

**28.**     Travelers policy T NSL 137T926 2 82 defines the "products hazard" as:

"'products hazard' includes bodily injury and property damage arising out of the named

insured's products or reliance upon a representation or warranty…" Schretzman Decl., ¶ 11, Ex.

8 at TRAV001314.

**Response 28:** Liberty Mutual does not dispute the allegations in paragraph 28, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Partial

Summary Judgment as to Liberty Mutual.

**29.**     Travelers policy number TR NSL 137T926 2 82 also contains the following

condition:  "In the event of an injury, damage or loss covered by this policy and any other policy

containing this provision or a similar provision issued by the company to the named insured, the

maximum that will be paid under all such policies combined for such injury, damage or loss is

the highest applicable limit of liability of any one of such policies. This provision does not apply

with respect to any policy issued by the company which has a policy number containing the

letters CUP, EX and any personal liability policies issued by the company." Schretzman Decl. at

¶ 11, Ex. 8 at TRAV001372.

> **Response 29:** Liberty Mutual does not dispute the allegations in paragraph 29, but denies
>
> that these facts are material to the issues to be decided on Plaintiff's Motion for Partial
>
> Summary Judgment as to Liberty Mutual.

30.     Travelers issued a primary level comprehensive general liability policy to CMCO

with the policy number TR NSL 137T926 2 83, effective April 1, 1983 to April 1, 1984.

Schretzman Decl., ¶ 12, Ex. 9.

> **Response 30:** Liberty Mutual does not dispute the allegations in paragraph 30, but denies
>
> that these facts are material to the issues to be decided on Plaintiff's Motion for Partial
>
> Summary Judgment as to Liberty Mutual.

31.     Travelers policy number TR NSL 137T926 2 83 contains the following Insuring

Agreement provision:

I.      Coverage A – Bodily Injury Liability

        Coverage B – Property Damage Liability

The company will pay on behalf of the insured all sums which the *insured* shall
become legally obligated to pay as damages because of

        Coverage A. *bodily injury* or

        Coverage B. *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall
have the right and duty to defend any suit against the *insured* seeking damages on
account of such *bodily injury* or *property damage,* even if any of the allegations
of the suit are groundless, false, or fraudulent, and may make such investigation
and settlement of any claim or suit as it deems expedient…

Schretzman Decl., ¶ 12, Ex. 9 at TRAV001388 (emphasis in original).

**Response 31:** Liberty Mutual does not dispute the allegations in paragraph 31, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

32.     Travelers policy T NSL 137T926 2 83 defines the "products hazard" as: "'products hazard' includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty…" Schretzman Decl., ¶ 12, Ex. 9 at TRAV001385.

**Response 32:** Liberty Mutual does not dispute the allegations in paragraph 32, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

33.     Travelers policy number TR NSL 137T926 2 83 also contains the following condition: "In the event of an injury, damage or loss covered by this policy and any other policy containing this provision or a similar provision issued by the Company to the Named Insured, the maximum that will be paid under all such policies combined for such injury, damage or loss is the highest applicable limit of liability of any one of such policies. This provision does not apply with respect to any policy issued by the Company which has a policy number containing the letters CUP, EX, PRO, SPL, or any personal liability policy issued by the Company." Schretzman Decl., ¶ 12, Ex. 9 at TRAV001454.

**Response 33:** Liberty Mutual does not dispute the allegations in paragraph 33, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

34.     Travelers issued a primary level comprehensive general liability policy to CMCO

with the policy number TR NSL 137T926 2 84, effective April 1, 1984 to April 1, 1985.

Schretzman Decl., ¶ 13, Ex. 10.

**Response 34:** Liberty Mutual does not dispute the allegations in paragraph 34, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Partial

Summary Judgment as to Liberty Mutual.

35.     Travelers policy number TR NSL 137T926 2 84 contains the following Insuring

Agreement provision:

I.      Coverage A – Bodily Injury Liability

        Coverage B – Property Damage Liability

The company will pay on behalf of the insured all sums which the *insured* shall
become legally obligated to pay as damages because of

        Coverage A. *bodily injury* or

        Coverage B. *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall
have the right and duty to defend any suit against the *insured* seeking damages on
account of such *bodily injury* or *property damage,* even if any of the allegations
of the suit are groundless, false, or fraudulent, and may make such investigation
and settlement of any claim or suit as it deems expedient…

Schretzman Decl., ¶ 13, Ex. 10 at TRAV001485 (emphasis in original).

**Response 35:** Liberty Mutual does not dispute the allegations in paragraph 35, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Partial

Summary Judgment as to Liberty Mutual.

36.     Travelers policy T NSL 137T926 2 84 defines the "products hazard" as:

"'products hazard' includes bodily injury and property damage arising out of the named

insured's products or reliance upon a representation or warranty…" Schretzman Decl., ¶ 13, Ex. 10 at TRAV001482.

> **Response 36:** Liberty Mutual does not dispute the allegations in paragraph 36, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

37.     Travelers admits that it issued the above referenced Travelers primary policies to CMCO and refers to the policies for their precise terms, conditions and exclusions. (ECF 20 at ¶ 25.)

> **Response 37:** Liberty Mutual does not dispute the allegations in paragraph 37, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

38.     Travelers also confirmed that it issued Travelers primary policies providing coverage to CMCO for the period of April 1, 1958 through April 1, 1985 via letters dated November 15, 1991, and December 24, 1991, which include a schedule of the Travelers primary policies and a list of policy numbers, policy periods, and limits of liability. Schretzman Decl., ¶ 38, Ex. 35 at TRAV251183 1196. Travelers has agreed that "the coverage which The Travelers will provide is that afforded in the standard form SL and NSL policies in use during the time period of the alleged policies." Schretzman Decl., ¶ 38, Ex. 35 at TRAV251183, 251187. Travelers enclosed with these letters a copy of the referenced NSL form, which, like the policies above, provides:

> I.     Coverage A – Bodily Injury Liability
>
> To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by an accident.

II.      Defense, Settlement, Supplementary Payments. With respect to such
insurance as is afforded by this policy, the company shall:

defend any suit against the insured alleging such injury, sickness, disease
or destruction and seeking damages on account thereof, even if such suit is
groundless, false, or fraudulent …

Schretzman Decl., ¶ 38, Ex. 35 at TRAV251191.

**Response 38:** Liberty Mutual does not dispute the allegations in paragraph 38, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Partial

Summary Judgment as to Liberty Mutual.

**39.**      According to Travelers, the primary limits of liability of the primary liability

policies issued for the years 1973 1974, 1974 1975 and 1982 1983 are exhausted and the excess

and/or umbrella policies in effect for those corresponding years are responsive. Schretzman

Decl., ¶ 34, Ex. 31.

**Response 39:** Liberty Mutual does not dispute the allegations in paragraph 39, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Partial

Summary Judgment as to Liberty Mutual.

**40.**      Travelers issued a Catastrophe Umbrella policy to CMCO with the policy number

CUP 3847761, effective June 3, 1970 to January 1, 1971.  Schretzman Decl., ¶ 14, Ex. 11.

**Response 40:** Liberty Mutual does not dispute the allegations in paragraph 40, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Partial

Summary Judgment as to Liberty Mutual.

**41.**      Travelers policy number CUP 3847761 contains the following Insuring

Agreement provision:

     **I.**    **Coverage** To indemnify the Insured for all sums which the Insured shall become obligated to pay by reason of the liability imposed by law upon the Insured… for damages in excess of the retained limit because of bodily injury… to which this policy applies."

Schretzman Decl., ¶ 14, Ex. 11 at TRAV001557.

     **Response 41:** Liberty Mutual does not dispute the allegations in paragraph 41, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Partial

Summary Judgment as to Liberty Mutual.

     42.    Travelers policy number CUP 3847761 contains a following duty to defend

provision:

     **II.**    **Defense. Supplementary Payments -** With respect to any claim or suit alleging bodily injury…, insurance for which is not afforded by the underlying policies listed in Item 5. of the declarations or any other applicable insurance (hereinafter called "underlying insurance"), but which is insured by the terms and conditions of this policy (or would be so insured but for the application of the deductible amount stated in Item 4. of the declarations), the company shall:

     A.  defend, at the sole option of the Insured, any suit against the Insured … alleging such injury or damage and seeking damages on account thereof even if any of the allegations of the suit are groundless, false or fraudulent…

Schretzman Decl., ¶ 14, Ex. 11 at TRAV001558.

     **Response 42:** Liberty Mutual does not dispute the allegations in paragraph 42, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Partial

Summary Judgment as to Liberty Mutual.

     43.    Travelers policy number CUP 3847761 identifies primary policy number NSL

2265068 and EX4030766 as underlying policies. Schretzman Decl., ¶ 14, Ex. 11 at

TRAV001556.

**Response 43:** Liberty Mutual does not dispute the allegations in paragraph 43, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

44.    Travelers issued a Catastrophe Umbrella policy to CMCO with the policy number CUP 3847770, effective January 1, 1971 to January 1, 1972.  Schretzman Decl., ¶ 15, Ex. 12.

**Response 44:** Liberty Mutual does not dispute the allegations in paragraph 44, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

45.    Travelers policy number CUP 3847770 contains the following Insuring Agreement provision:

**I.    Coverage** To indemnify the Insured for all sums which the Insured shall become obligated to pay by reason of the liability imposed by law upon the Insured… for damages in excess of the retained limit because of bodily injury… to which this policy applies."

Schretzman Decl., ¶ 15, Ex. 12 at TRAV001565.

**Response 45:** Liberty Mutual does not dispute the allegations in paragraph 45, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

46.    Travelers policy number CUP 3847770 contains a following duty to defend provision:

**II. Defense. Supplementary Payments -** With respect to any claim or suit alleging bodily injury…, insurance for which is not afforded by the underlying policies listed in Item 5. of the declarations or any other applicable insurance (hereinafter called "underlying insurance"), but which is insured by the terms and conditions of this policy (or would be so insured but for the application of the deductible amount stated in Item 4. of the declarations), the company shall:

> A. defend, at the sole option of the Insured, any suit against the
> Insured … alleging such injury or damage and seeking damages
> on account thereof even if any of the allegations of the suit are
> groundless, false or fraudulent…

Schretzman Decl., ¶ 15, Ex. 12 at TRAV001566.

>    **Response 46:** Liberty Mutual does not dispute the allegations in paragraph 46, but denies
>
>    that these facts are material to the issues to be decided on Plaintiff's Motion for Partial
>
>    Summary Judgment as to Liberty Mutual.

    47.    Travelers policy number CUP 3847770 identifies primary policy number NSL

6532084 and EX2940408 as underlying policies. Schretzman Decl., ¶ 15, Ex. 12 at

TRAV001564.

>    **Response 47:** Liberty Mutual does not dispute the allegations in paragraph 47, but denies
>
>    that these facts are material to the issues to be decided on Plaintiff's Motion for Partial
>
>    Summary Judgment as to Liberty Mutual.

    48.    Travelers issued a Catastrophe Umbrella policy to CMCO with the policy number

CUP 966522, effective January 1, 1972 to January 1, 1973.  Schretzman Decl., ¶ 16, Ex. 13.

>    **Response 48:** Liberty Mutual does not dispute the allegations in paragraph 48, but denies
>
>    that these facts are material to the issues to be decided on Plaintiff's Motion for Partial
>
>    Summary Judgment as to Liberty Mutual.

    49.    Travelers policy number CUP 966522 contains the following Insuring Agreement

provision:

> **I.  Coverage** To indemnify the Insured for all sums which the Insured shall
> become obligated to pay by reason of the liability imposed by law upon the
> Insured… for damages in excess of the retained limit because of bodily
> injury… to which this policy applies."

Schretzman Decl., ¶ 16, Ex. 13 at TRAV001576.

**Response 49:** Liberty Mutual does not dispute the allegations in paragraph 49, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

50.      Travelers policy number CUP 966522 contains a following duty to defend provision:

> **II. Defense. Supplementary Payments -** With respect to any claim or suit alleging bodily injury…, insurance for which is not afforded by the underlying policies listed in Item 5. of the declarations or any other applicable insurance (hereinafter called "underlying insurance"), but which is insured by the terms and conditions of this policy (or would be so insured but for the application of the deductible amount stated in Item 4. of the declarations), the company shall:
>
>> A.  defend, at the sole option of the Insured, any suit against the Insured … alleging such injury or damage and seeking damages on account thereof even if any of the allegations of the suit are groundless, false or fraudulent…

Schretzman Decl., ¶ 16, Ex. 13 at TRAV001577.

**Response 50:** Liberty Mutual does not dispute the allegations in paragraph 50, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

51.      Travelers policy number CUP 966522 identifies primary policy number NSL 6532084 and EX2940408 as underlying policies. Schretzman Decl., ¶ 16, Ex. 13 at TRAV001586.

**Response 51:** Liberty Mutual does not dispute the allegations in paragraph 51, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

52.     Travelers issued a Catastrophe Umbrella policy to CMCO with the policy number

CUP 111T2739, effective January 1, 1974 to January 1, 1977.  Schretzman Decl., ¶ 17, Ex. 14.

**Response 52:** Liberty Mutual does not dispute the allegations in paragraph 52, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Partial

Summary Judgment as to Liberty Mutual.

53.     Travelers policy number CUP 111T2739 contains the following Insuring

Agreement provision:

> **I.  Coverage** To indemnify the Insured for all sums which the Insured shall
> become obligated to pay by reason of the liability imposed by law upon the
> Insured… for damages in excess of the retained limit because of bodily
> injury… to which this policy applies."

Schretzman Decl., ¶ 17, Ex. 14 at TRAV001589.

**Response 53:** Liberty Mutual does not dispute the allegations in paragraph 53, but denies

that these facts are material to the issues to be decided on Plaintiff's Motion for Partial

Summary Judgment as to Liberty Mutual.

54.     Travelers policy number CUP 111T2739 contains a following duty to defend

provision:

> **II.  Defense. Supplementary Payments -** With respect to any claim or
> suit alleging bodily injury…, insurance for which is not afforded by the
> underlying policies listed in Item 5. of the declarations or any other applicable
> insurance (hereinafter called "underlying insurance"), but which is insured by
> the terms and conditions of this policy (or would be so insured but for the
> application of the deductible amount stated in Item 4. of the declarations), the
> company shall:
>
> > A.  defend, at the sole option of the Insured, any suit against the
> > Insured … alleging such injury or damage and seeking damages
> > on account thereof even if any of the allegations of the suit are
> > groundless, false or fraudulent…

Schretzman Decl., ¶ 17, Ex. 14 at TRAV001590.

**Response 54:** Liberty Mutual does not dispute the allegations in paragraph 54, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

55. Travelers policy number CUP 111T2739 identifies primary policy number NSL 110T665 3 74 as the underlying policy.  Schretzman Decl., ¶ 17, Ex. 14 at TRAV001597.

**Response 55:** Liberty Mutual does not dispute the allegations in paragraph 55, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

56. Travelers issued a Catastrophe Umbrella policy to CMCO with the policy number T CUP 137T927 4 76, effective January 1, 1976 to January 1, 1977.  Schretzman Decl., ¶ 18, Ex. 15.

**Response 56:** Liberty Mutual does not dispute the allegations in paragraph 56, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

57. Travelers policy number T CUP 137T927 4 76 contains the following Insuring Agreement provision:

**A.  Insuring Agreements**

**1.  Coverage** The Travelers agrees to indemnify the Insured for all sums which the Insured shall become obligated to pay by reason of the liability imposed by law upon the Insured… for damages in excess of the retained limit because of bodily injury… to which this policy applies."

Schretzman Decl., ¶ 18, Ex. 15 at TRAV001608.

**Response 57:** Liberty Mutual does not dispute the allegations in paragraph 57, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

58.     Travelers policy number T CUP 137T927 4 76 contains a following duty to defend provision:

A.  **Insuring Agreements**

2. **Defense. Supplementary Payments -** With respect to any claim or suit alleging bodily injury…, insurance for which is not afforded by the underlying policies listed in Item 7. of the declarations or any other applicable insurance (hereinafter called "underlying insurance"), but which is insured by the terms and conditions of this policy (or would be so insured but for the application of the deductible amount stated in Item 6. of the declarations), The Travelers shall:

(a) defend, at the sole option of the Insured, any suit against the Insured … alleging such injury or damage and seeking damages on account thereof even if any of the allegations of the suit are groundless, false or fraudulent…

Schretzman Decl., ¶ 15, Ex. 18 at TRAV001608.

**Response 58:** Liberty Mutual does not dispute the allegations in paragraph 58, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

59.     Travelers policy number T CUP 137T927 4 76 identifies primary policy number NSL 110T665 3 76 as the underlying policy. Schretzman Decl., ¶ 18, Ex. 15 at TRAV001619, 1624.

**Response 59:** Liberty Mutual does not dispute the allegations in paragraph 59, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

60.     Travelers issued an excess liability policy to CMCO with the policy number EX 4030766, effective January 1, 1968 to January 1, 1971.  Schretzman Decl., ¶ 19, Ex. 16.

**Response 60:** Liberty Mutual does not dispute the allegations in paragraph 60, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

61.     Travelers policy number EX 4030766 contains a following form provision: "This policy, except where provisions to the contrary appear herein, is subject to all of the conditions, agreements, exclusions and limitations of and shall follow the underlying policy(ies) in all respects, including changes by endorsement. . . ." Schretzman Decl., ¶ 19, Ex. 16 at TRAV001630.

**Response 61:** Liberty Mutual does not dispute the allegations in paragraph 61, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

62.     Travelers policy number EX 4030766 identifies primary policy number NSL 2265068 as the underlying policy.  Schretzman Decl., ¶ 19, Ex. 16 at TRAV001628.

**Response 62:** Liberty Mutual does not dispute the allegations in paragraph 62, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

63.     Travelers issued an excess liability policy to CMCO with the policy number TEX 2940408 71, effective January 1, 1971 to January 1, 1974.  Schretzman Decl., ¶ 20, Ex. 17.

**Response 63:** Liberty Mutual does not dispute the allegations in paragraph 63, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

64.     Travelers policy number TEX 2940408 71 contains a following form provision:
"This policy, except where provisions to the contrary appear herein, is subject to all of the
conditions, agreements, exclusions and limitations of and shall follow the underlying policy(ies)
in all respects, including changes by endorsement. . . ." Schretzman Decl., ¶ 20, Ex. 17 at
TRAV001640.

> **Response 64:** Liberty Mutual does not dispute the allegations in paragraph 64, but denies
> that these facts are material to the issues to be decided on Plaintiff's Motion for Partial
> Summary Judgment as to Liberty Mutual.

65.     Travelers policy number TEX 2940408 71 identifies primary policy number NSL
2265068 as the underlying policy.  Schretzman Decl., ¶ 20, Ex. 17 at TRAV001638.

> **Response 65:** Liberty Mutual does not dispute the allegations in paragraph 65, but denies
> that these facts are material to the issues to be decided on Plaintiff's Motion for Partial
> Summary Judgment as to Liberty Mutual.

66.     Travelers issued an excess liability policy to CMCO with the policy number TEX
144T457 4 77, effective January 1, 1977 to January 1, 1978.  Schretzman Decl., ¶ 21, Ex. 18.

> **Response 66:** Liberty Mutual does not dispute the allegations in paragraph 66, but denies
> that these facts are material to the issues to be decided on Plaintiff's Motion for Partial
> Summary Judgment as to Liberty Mutual.

67.     Travelers policy number TEX 144T457 4 77 contains a following form provision:
"This policy, except where provisions to the contrary appear herein, is subject to all of the
conditions, agreements, exclusions and limitations of and shall follow the underlying insurance
in all respects, including changes by endorsement. . . ." Schretzman Decl., ¶ 21, Ex. 18 at
TRAV001658.

**Response 67:** Liberty Mutual does not dispute the allegations in paragraph 67, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

68.     Travelers policy number TEX 144T457 4 77 identifies primary policy number T NSL 137T926 2 77 as the underlying policy.  Schretzman Decl., ¶ 21, Ex. 18 at  TRAV001655.

**Response 68:** Liberty Mutual does not dispute the allegations in paragraph 68, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

69.     Travelers issued an excess liability policy to CMCO with the policy number T EX 144T457 4 78, effective April 1, 1978 to April 1, 1979.  Schretzman Decl., ¶ 22, Ex.  19.

**Response 69:** Liberty Mutual does not dispute the allegations in paragraph 69, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

70.     Travelers policy number TEX 144T457 4 78 contains a following form provision: "This policy, except where provisions to the contrary appear herein, is subject to all of the conditions, agreements, exclusions and limitations of and shall follow the underlying insurance in all respects, including changes by endorsement. . . ." Schretzman Decl., ¶ 22, Ex. 19 at TRAV001673.

**Response 70:** Liberty Mutual does not dispute the allegations in paragraph 70, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

71.     Travelers policy number TEX 144T457 4 78 identifies primary policy number T NSL 137T926 2 78 as the underlying policy.  Schretzman Decl., ¶ 22, Ex. 19 at  TRAV001670.

**Response 71:** Liberty Mutual does not dispute the allegations in paragraph 71, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

72.   Travelers issued an excess liability policy to CMCO with the policy number T EX 144T457 4 79, effective April 1, 1979 to April 1, 1980.  Schretzman Decl., ¶ 23, Ex.  20.

**Response 72:** Liberty Mutual does not dispute the allegations in paragraph 72, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

73.   Travelers policy number TEX 144T457 4 79 contains a following form provision: "This policy, except where provisions to the contrary appear herein, is subject to all of the conditions, agreements, exclusions and limitations of and shall follow the underlying insurance in all respects, including changes by endorsement. . . ." Schretzman Decl., ¶ 23, Ex. 20 at TRAV001686.

**Response 73:** Liberty Mutual does not dispute the allegations in paragraph 73, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

74.   Travelers policy number TEX 144T457 4 79 identifies primary policy number T NSL 137T926 2 79 as the underlying policy.  Schretzman Decl., ¶ 23, Ex. 20 at  TRAV001683.

**Response 74:** Liberty Mutual does not dispute the allegations in paragraph 74, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

75.   Travelers issued an excess liability policy to CMCO with the policy number TEX 144T457 80, effective April 1, 1980 to April 1, 1981.  Schretzman Decl., ¶ 24, Ex. 21.

**Response 75:** Liberty Mutual does not dispute the allegations in paragraph 75, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

76.     Travelers policy number TEX 144T457 80 contains the following "[a]pplication of underlying insurance" provision: "This policy, except where provisions to the contrary appear herein, is subject to all of the conditions, agreements, exclusions and limitations of and shall follow the underlying insurance in all respects, including changes by endorsement. . . ." Schretzman Decl., ¶ 24, Ex. 21 at TRAV001704.

**Response 76:** Liberty Mutual does not dispute the allegations in paragraph 76, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

77.     Travelers policy number TEX 144T457 80 identifies primary policy number T NSL 137T926 2 80 as an underlying policy.  Schretzman Decl., ¶ 24, Ex. 21 at TRAV001702.

**Response 77:** Liberty Mutual does not dispute the allegations in paragraph 77, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

78.     Travelers issued an excess level policy to CMCO with the policy number TEX 144T457 81, effective April 1, 1981 to April 1, 1982.  Schretzman Decl., ¶ 25, Ex. 22.

**Response 78:** Liberty Mutual does not dispute the allegations in paragraph 78, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

79.     Travelers policy number TEX 144T457 81 contains the following "[a]pplication of underlying insurance" provision: "This policy, except where provisions to the contrary appear

herein, is subject to all of the conditions, agreements, exclusions and limitations of and shall follow the underlying insurance in all respects, including changes by endorsement. . . ." Schretzman Decl., ¶ 25, Ex. 22 at TRAV001716.

> **Response 79:** Liberty Mutual does not dispute the allegations in paragraph 79, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

**80.**     Travelers policy number TEX 144T457 81 identifies primary policy number T NSL 137T926 2 81 as an underlying policy.  Schretzman Decl., ¶ 25, Ex. 22 at TRAV001714.

> **Response 80:** Liberty Mutual does not dispute the allegations in paragraph 80, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

**81.**     Travelers issued an excess level policy to CMCO with the policy number TEX 144T457 82, effective April 1, 1982 to April 1, 1983.  Schretzman Decl., ¶ 26, Ex. 23.

> **Response 81:** Liberty Mutual does not dispute the allegations in paragraph 81, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

**82.**     Travelers policy number TEX 144T457 82 contains the following "[a]pplication of underlying insurance" provision: "This policy, except where provisions to the contrary appear herein, is subject to all of the conditions, agreements, exclusions and limitations of and shall follow the underlying insurance in all respects, including changes by endorsement. . . ." Schretzman Decl., ¶ 26, Ex. 23 at TRAV001730.

**Response 82:** Liberty Mutual does not dispute the allegations in paragraph 82, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

83.    Travelers policy number TEX 144T457 82 identifies primary policy number T NSL 137T926 2 82 as an underlying policy.  Schretzman. Decl., ¶ 26, Ex. 23 at TRAV001728.

**Response 83:** Liberty Mutual does not dispute the allegations in paragraph 83, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

84.    Travelers issued an excess level policy to CMCO with the policy number TEX 144T457 4 83, effective April 1, 1983 to April 1, 1984.  Schretzman Decl., ¶ 27, Ex. 24.

**Response 84:** Liberty Mutual does not dispute the allegations in paragraph 84, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

85.    Travelers policy number TEX 144T457 83 contains the following "[a]pplication of underlying insurance" provision: "This policy, except where provisions to the contrary appear herein, is subject to all of the conditions, agreements, exclusions and limitations of and shall follow the underlying insurance in all respects, including changes by endorsement. . . ." Schretzman Decl., ¶ 27, Ex. 24 at TRAV001742.

**Response 85:** Liberty Mutual does not dispute the allegations in paragraph 85, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

86.    Travelers policy number TEX 144T457 83 identifies primary policy number T NSL 137T926 2 83 as an underlying policy.  Schretzman Decl., ¶ 27, Ex. 24 at TRAV001740.

**Response 86:** Liberty Mutual does not dispute the allegations in paragraph 86, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

87.     In its Answer, Travelers refused to admit that it issued the above referenced Travelers excess policies to CMCO but nonetheless refers to the Travelers excess policies for their precise terms, conditions, and exclusions. (ECF 20 at ¶ 32).

**Response 87:** Liberty Mutual does not dispute the allegations in paragraph 87, but denies that these facts are material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment as to Liberty Mutual.

88.     Liberty issued a primary level comprehensive general liability policy to CMCO with the policy number LG1 181 036447 035, effective April 1, 1985 to April 1, 1986. Schretzman Decl., ¶ 28, Ex. 25.

**Response 88:** Admitted.

89.     Liberty policy number LG1 181 036447 035 contains the following Insuring Agreement provision:

> I.      Coverage A – Bodily Injury Liability
>
>         Coverage B – Property Damage Liability
>
> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>
>         Coverage A. bodily injury or
>
>         Coverage B. property damage
>
> to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations

of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient…

Schretzman Decl., ¶ 28, Ex. 25 at LMIC000056.

**Response 89:** Liberty Mutual denies Plaintiff's characterization of the quoted language as an "Insuring Agreement," which is an undefined term, but otherwise admits that the quoted language appears in the referenced policy.

90.     Liberty issued a primary level comprehensive general liability policy to CMCO with the policy number LG1 181 036447 036, effective April 1, 1986 to April 1, 1987. Schretzman Decl., ¶ 29, Ex. 26.

**Response 90:** Liberty Mutual admits that it issued the identified policy for the stated policy period, but states in further response that the policy was cancelled effective December 24, 1986.  *See* Schretzman Decl., ¶ 29, Ex. 26 at LMIC000062.

91.     Liberty policy number LG1 181 036447 036 contains the following Insuring Agreement provision:

I.     Coverage A – Bodily Injury Liability

        Coverage B – Property Damage Liability

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

        Coverage A. bodily injury or

        Coverage B. property damage

to which this policy applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient…

Schretzman Decl., ¶ 29, Ex. 26 at LMIC000094.

**Response 91:** Liberty Mutual denies Plaintiff's characterization of the quoted language as an "Insuring Agreement," which is an undefined term, but otherwise admits that the quoted language appears in the referenced policy.

92.     Liberty issued a primary level comprehensive general liability policy to CMCO with the policy number LG1 181 036447 096, effective December 24, 1986 to April 1, 1987. Schretzman Decl., ¶ 30, Ex. 27.

**Response 92:** Admitted.

93.     Liberty policy number LG1 181 036447 096 contains the following Insuring Agreement provision:

> I.      Coverage A – Bodily Injury Liability
>
>         Coverage B – Property Damage Liability
>
> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>
>         Coverage A. bodily injury or
>
>         Coverage B. property damage
>
> to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient…

Schretzman Decl., ¶ 30, Ex. 27 at 2.

**Response 93:** Liberty Mutual denies Plaintiff's characterization of the quoted language as an "Insuring Agreement," which is an undefined term, but otherwise admits that the quoted language appears in the referenced policy.

94.     Liberty issued a primary level comprehensive general liability policy to CMCO with the policy number LG1 181 036447 097, effective April 1, 1987 to April 1, 1988. Schretzman Decl., ¶ 31, Ex. 28.

**Response 94:** Admitted.

95.     Liberty policy number LG1 181 036447 097 contains the following Insuring Agreement provision:

> I.      Coverage A – Bodily Injury Liability
>
>         Coverage B – Property Damage Liability
>
> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>
>         Coverage A. bodily injury or
>
>         Coverage B. property damage
>
> to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false, or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient…

Schretzman Decl., ¶ 31, Ex. 28 at LMIC0000177.

**Response 95:** Liberty Mutual denies Plaintiff's characterization of the quoted language as an "Insuring Agreement," which is an undefined term, but otherwise admits that the quoted language appears in the referenced policy

96.     Liberty issued a primary level comprehensive general liability policy to CMCO with the policy number TBI 181 036447 098, effective April 1, 1988 April 1, 1989. Schretzman Decl., ¶ 32, Ex. 29.

**Response 96:** Liberty Mutual denies Plaintiff's characterization of the policy as a "comprehensive general liability policy," but admits that Liberty Mutual issued a

commercial general liability policy bearing the identified number for the stated policy period.

97.     Liberty policy number TBI 181 036447 098 contains the following Insuring Agreement provision: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Schretzman Decl., ¶ 32, Ex. 29 at LMIC000187.

    **Response 97:** Admitted.

98.     Liberty policy number TBI 181 036447 098 also contains the following condition: "If the same 'occurrence' gives rise to 'bodily injury' or 'property damage' which occurs party before and partly within the policy period, our each occurrence limit under this policy will be reduced by the amount of each payment made by us with respect to such 'occurrence' under a previous policy or policies of which this policy is a replacement." Schretzman Decl., ¶ 32, Ex. 29 at LMIC000222.

    **Response 98:** Liberty Mutual denies Plaintiff's characterization of the quoted language
    as a "condition," but otherwise admits that the quoted language appears in the referenced
    policy with the exception of the misspelling of the word "partly" as "party."

99.     Liberty admits that it issued the above referenced Liberty policies to CMCO. (ECF 28 at ¶ 34).

    **Response 99:** Admitted.

100.     Harold Stone and his wife Delores Stone filed an asbestos related bodily injury suit in the District Court of Harris County, Texas, against "Columbus McKinnon Corporation individually and as successor in interest to Lift Tech International, Inc." and numerous other defendants on September 27, 2011 (the "Stone Complaint"). Schretzman Decl., ¶ 33, Ex. 30.

**Response 100:** Admitted.

**101.**     The Stone Complaint alleges:

Plaintiff worked with and/or was exposed to asbestos containing products and/or
machinery requiring or calling for the use of asbestos and/or asbestos containing
products while working in various shipyards, steel mills, refineries, paper mills,
chemical plants and/or other facilities in the United States.
Plaintiff(s) would show that Plaintiff was exposed, on numerous occasions, to
asbestos containing products and/or machinery requiring or calling for the use of
asbestos and/or asbestos containing products produced and/or sold by the
Defendants and, in doing so, had inhaled great quantities of asbestos fibers.
Further, Plaintiff(s) alleges, as more specifically set out below, that Plaintiff has
suffered injuries and/or death proximately caused by his exposure to asbestos
containing products designed, manufactured and sold by Defendants.

Schretzman Decl., ¶ 33, Ex. 30 at 5.

**Response 101:** Liberty Mutual admits only that the language quoted in paragraph 101 is

contained in the referenced pleading and respectfully refers the Court to the pleading for

a true and complete recitation of its contents.

**102.**     The Insurers were notified of the *Stone* Complaint and responded on December

30, 2016 by letter from Mikhael J. Kennedy, Associate Account Executive, Special Liability

Group, Travelers Insurance Company, to Mary O'Connor, Associate General Counsel & Chief

Compliance Officer, Columbus McKinnon Corporation. Schretzman Decl., ¶ 34, Ex. 31.

Travelers said that it would only agree to "participate" in the defense of that lawsuit, explicitly

stating, "Please be advised that we will only be responsible for our appropriate share of

reasonable and necessary defense related work performed at the request of and/or approval of

Travelers." *Id.* at p. 3. Moreover, that "participation" was further "subject to a complete

reservation of rights." *Id.* at p. 1. Travelers acknowledged further that the general liability

policies for years 1973 1974, 1974 1975 and 1982 1983 were exhausted, so "for these years,

Travelers [sic] agreement to participate in the defense of Columbus McKinnon in the Lawsuit is

pursuant to the Excess policies in effect from 1/1/73 to 1/1/74 and 1/1/82 to 1/1/83, and the CUP

policy in effect from 1/1/74 to 1/1/75."  *Id.* at pp. 2 3.

> **Response 102:** Liberty Mutual admits that it was notified of the *Stone* Complaint, but
>
> denies that Mikhael J. Kennedy of Travelers responded on behalf of Liberty Mutual in his
>
> letter of December 30, 2016.  *See* Schretzman Decl., ¶ 34, Ex. 31.  As for the remaining
>
> allegations in paragraph 102, Liberty Mutual denies that these purported facts are
>
> material to the issues to be decided on Plaintiff's Motion for Partial Summary Judgment
>
> as to Liberty Mutual.

**103.**   On June 7, 2017, Mary O'Connor, Associate General Counsel & Chief

Compliance Officer of CMCO, sent a letter to Mikhael J. Kennedy, Associate Account

Executive, Special Liability Group of Travelers.  Schretzman Decl., ¶ 35, Ex. 32. CMCO

disputed Travelers' attempt to limit their contractual obligation to fully defend CMCO by

offering only to "participate" in the defense. CMCO demanded "that Travelers will cease its

wrongful and unreasonable breach of its defense obligation and begin to honor its obligations . . .

by providing a complete defense against the Lawsuits."  *Id.* at p.2.

> **Response 103:** Liberty Mutual denies that the assertions and purported facts in paragraph
>
> 103 are material to the issues to be decided on Plaintiff's Motion for Partial Summary
>
> Judgment as to Liberty Mutual.

**104.**   On June 12, 2017, Craig P. Johnson sent a letter on behalf of Travelers and Liberty

to Alan Korman, General Counsel, CMCO. Schretzman Decl., ¶ 36, Ex. 33. The Insurers

informed CMCO that they would "assume 100% of the reasonable and necessary defense costs in

connection with open and pending asbestos cases against Columbus McKinnon," including but

not limited to the defense of the Stone Complaint but subject to various reservations of rights. *Id.*

**Response 104:** Liberty Mutual admits the allegations contained in the first sentence of paragraph 104.  Liberty Mutual denies the allegations contained in the second sentence of paragraph 104 as characterized by CMCO, except admits that the language quoted is contained in the referenced June 12, 2017 letter and respectfully refers the Court to the document for a true and complete recitation of its contents.

105.    On June 26, 2017, Ariane Baczynski of Morgan, Lewis & Bockius LLP sent a letter on behalf of CMCO to Craig P. Johnson and Jamie Owen. Schretzman Decl., ¶ 37, Ex. 34. CMCO requested that the Insurers acknowledge CMCO's right to retain independent counsel premised on the Insurers' reservation of rights.

**Response 105:** Liberty Mutual admits the allegations contained in the first sentence of paragraph 105.  Liberty Mutual denies the allegations contained in the second sentence of paragraph 105 as characterized by CMCO because there is no specific "request[]" in the referenced June 26, 2017 letter for Travelers and Liberty Mutual to "acknowledge CMCO's right to retain independent counsel premised on the Insurers' reservation of rights," and respectfully refers the Court to the document for a true and complete recitation of its contents.

Dated: September 22, 2017
       New York, New York

MOUND COTTON WOLLAN &
GREENGRASS LLP

By: _____
       Lloyd A. Gura
       Eric J. Voigt
       Pamela J. Minetto
One New York Plaza
New York, NY 10004
Tel: 212-804-4200
*Attorneys for Defendant*
*Liberty Mutual Insurance Company*